EDWIN A. LOMBARD, Judge.
liThe plaintiff, American Auto Brokers, Inc., appeals the trial court’s judgment granting a motion for summary judgment in favor of the defendant, Canal Indemnity Company. For the reasons set forth below, we affirm.
Relevant Facts and Procedural History
The plaintiff is a dealer of previously owned vehicles located on 1150A Canal Boulevard in Thibodaux, Louisiana. Shortly before Hurricane Katrina, on or about August 25, 2005, one of the plaintiffs vehicles was brought to Sewell Cadillac-Chevrolet in Orleans Parish, Louisiana for detailing services. On or about August 27, 2005, four other vehicles belonging to the plaintiff were parked at Premium Parking Service, L.L.C. in Orleans Parish, Louisiana while in transit to auction. After Hurricane Katrina hit on August 29, 2005, only one vehicle was found, wrecked and damaged beyond repair, at Premium Parking Service, L.L.C.
On August 28, 2006, the plaintiff filed suit in the Civil District Court for the Parish of Orleans seeking compensation for damages and losses of the five vehicles caused by the alleged negligence on the part of named defendants: Premium Parking Service, L.L.C., Premium Parking Service, L.L.C.’s alleged [ pliability insurer, ABC Insurance Company, “and/or in the alternative,” its own insurance company, Canal Indemnity Company.
On April 25, 2008, Canal Indemnity Company moved for summary judgment seeking a dismissal of all claims alleged by the plaintiff, asserting that the insurance policy does not cover the loss. The trial court granted the motion on July 17, 2008, dismissing all claims against the defendant with prejudice. It is from this judgment that the plaintiff appeals.

*16
Standard of Review

Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). The initial burden of producing evidence at the hearing on the motion for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Schultz v. Guoth, 10-0343, p. 4 (La.1/19/11), 57 So.3d 1002, 1006; citing Samaha v. Rau, 07-1726, p. 4 (La.2/26/08), 977 So.2d 880, 883. “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of material factual dispute mandates the granting of the motion.” Id.; (citations omitted).
“A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether [¡¡summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha v. Ran, 07-1726, pp. 3-4, 977 So.2d at 882-83.
Discussion
The appellant assigns as error: (1) the trial court erred in holding that Exclusion 4(b) of Section IV (Physical Damage Coverage) of the Canal Indemnity Policy excluded coverage for the plaintiffs claim; (2) the trial court erred in failing to find that Exclusion 4(b) of Section IV (Physical Damage Coverage) of the Canal Indemnity Policy was susceptible of two interpretations and/or that the intent of the parties could not be determined; (3) the trial court erred in failing to find that there was a reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motions, under which coverage could be afforded; and (4) the trial court erred in failing to admit parol evidence to clarify the ambiguity in the exclusion and/or to show the intention of the parties.
In this case, Canal Indemnity Company asserts that the policy between the parties does not provide coverage for the plaintiffs alleged losses, pursuant to the language contained in the exclusion in the Physical Damage coverage section.
The language of the Canal Indemnity Company policy provides, in pertinent part, as follows:
JjSECTION IV — PHYSICAL DAMAGE COVERAGE
B. Exclusions
4. If your business is shown in the Declarations as an “auto” dealership, we will not pay for:
[[Image here]]
b. “Loss” to any covered “auto” displayed or stored at any location not shown in Item Three of the Declarations if the “loss” occurs more than 45 days after your use of the location begins.
In response, the plaintiff submits the affidavits of Buddy Naquin, the plaintiffs president, and Caroliss Gayle Wallace, the plaintiffs insurance agent who attest that they interpret the language of the policy to require a declaration of an alternate location for a stored vehicle only when a vehi *17 cle would be stored for a period in excess of forty-five (45) days.
“An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.” Louisiana Ins. Guar. Ass’n v. Interstate Fire and Cas. Co., 630 So.2d 759, 763 (La.1994). Louisiana Civil Code article 2046 provides that, “when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” Words and phrases used in an insurance policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. La. Civ.Code art. 2047; Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1028-1029. When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under [5the guise of interpretation. Louisiana Ins. Guar. Ass’n v. Interstate Fire and Cas. Co., 630 So.2d at 764-65. The determination of whether a contract is clear or ambiguous is a question of law. Id.
To the extent that the plaintiff suggests that this court should consider the intent of the parties in interpreting the contract, the plaintiff is incorrect. The language of the policy is clear and unambiguous, clearly stating that the defendant does not provide coverage for vehicles displayed or stored at locations not listed under Item Three in the policy if the loss occurs more than forty-five (45) days after the plaintiffs use of the scheduled location commenced.
It is undisputed that Premium Parking Service, L.L.C. and Sewell Cadillac-Chevrolet are not listed under Item Three of the policy. Item Three lists only the plaintiffs Thibodaux, Louisiana business location.
Accordingly, the issue is when the plaintiffs use of these locations (Premium Parking Service, L.L.C. and Sewell Cadillac-Chevrolet) began. The defendant submits a copy of the plaintiffs responses to supplemental interrogatories which specifically states that although the exact date it began using the services of Premium Parking Service, L.L.C. is unknown, the first check for parking issued by the plaintiff to Premium Parking Service, L.L.C. was on or about June 30, 2004. Similarly, the plaintiff stated that although the exact date it began using the services of Sewell Cadillac-Chevrolet is unknown, it believed that the “detailing services at Sewell Cadillac-Chevrolet were first used by plaintiff on or about the year 2002.” Therefore, it is undisputed that the alleged loss occurred more than forty-five (45) days after the plaintiff began its use of Premium Parking Services, L.L.C. and Sewell Cadillac-Chevrolet.
LThe policy at issue only provides coverage for vehicles on the plaintiffs business location at 1150A Canal Boulevard in Thi-bodaux, Louisiana or for vehicles temporarily parked elsewhere. It does not provide coverage for vehicles that are parked at any location the plaintiff has used repeatedly for more than forty-five (45) days.
Accordingly, we find that there is no genuine issue of material fact. The clear language of the policy excludes coverage for vehicles displayed or stored at locations not listed under Item Three in the policy if the loss occurs more than forty-five (45) days after the plaintiffs use of the scheduled location commenced.
The plaintiff submits no evidence in response to the defendant’s motion for summary judgment. Consequently, we find that the defendant carried its burden of proof on summary judgment entitling Ca *18 nal Indemnity Company a dismissal from this matter.
Conclusion
Upon de novo review, we find no genuine issue of material fact exists and Canal Indemnity Company is entitled to summary judgment. Accordingly, the decision of the trial court in granting summary judgment and dismissing all claims against Canal Indemnity Company is affirmed.
AFFIRMED